United States District Court
Middle District of Florida
Jacksonville Division

EUGENE ALLEN MARTINEZ,

     *Plaintiff,*

v.                                    No. 3:13-cv-1321-J-34PDB

COMMISSIONER OF SOCIAL SECURITY,

     *Defendant.*

---

## Report & Recommendation

Eugene Martinez's attorney, Richard Culbertson, Esquire, has filed a motion under 42 U.S.C. § 406(b) and 20 C.F.R. § 404.1728(b) asking for authorization to charge Martinez $8587.53 for his successful representation of him in this case. Doc. 22. The Commissioner of the Social Security Administration ("SSA") does not oppose the request. Doc. 22 at 2. Martinez's position is unknown. I recommend granting the motion.

### Background

Martinez, age 52, has reactive airway disease; diabetes mellitus; a history of chronic back pain, diverticulitis, and chest pain; and mild mental retardation. Tr. 16, 24. He applied for disability-insurance and supplemental-security-income benefits. Tr. 235–49. The SSA denied his applications and reconsideration requests, an Administrative Law Judge found he was not disabled, and the Appeals Council denied his review request. Tr. 1, 25, 113–24, 130–35. Richard Schwartz, Esquire, represented him during the administrative proceedings. Tr. 34, 73.

Martinez brought this case to challenge the SSA's denial of benefits. Doc. 1. He and Culbertson entered into a standard contingent-fee agreement under which Culbertson agreed to represent him in this case, and he agreed to pay Culbertson 25 percent of any past-due benefits minus any attorney's fees paid under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 22-1.

Culbertson proceeded to represent Martinez in this case. He filed a standard seven-paragraph complaint, Doc. 1, followed by an 18-page brief arguing why the Commissioner was wrong, Doc. 15. That convinced the Commissioner; she filed an unopposed motion requesting that the Court remand the case under sentence four of 42 U.S.C. § 405(g) so that the ALJ could "obtain additional evidence[,] including a psychological examination; issue a new decision; and take any other action deemed necessary." Doc. 16. The Court granted the Commissioner's motion, reversed the SSA's denial of benefits, and remanded the case for further agency proceedings. Doc. 17. The Court also granted Martinez's request for $2847.20 in EAJA fees based on 5.6 hours of attorney time at $187 per hour and 24 hours of paralegal time at $75 per hour. Docs. 19, 20.

On remand, the SSA determined Martinez was entitled to $69,738.90 in past-due benefits. Doc. 22-2 at 3. The SSA set aside 25 percent of the award ($17,434.73) for attorney's fees, $6000 of which went to Schwartz for his work during the administrative proceedings. Doc. 22-2 at 3. Thus the current motion. Doc. 22.

## Authority

Three provisions governing attorney's fees apply: 42 U.S.C. §§ 406(a) and (b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

For representation during administrative proceedings, § 406(a) provides that an attorney may petition for fees, and the SSA must allow them if the claimant had been successful. In setting those fees, the SSA considers various factors. 20 C.F.R. § 404.1725(b). Alternatively, an attorney may file a contingent-fee agreement before the benefits ruling. 42 U.S.C. § 406(a)(2). If the ruling favors the claimant, the SSA generally will approve the agreement subject to the limitation that fees may not exceed 25 percent of past-due benefits or $6000, whichever is less. 42 U.S.C. § 406(a)(2)(A)(ii), (iii); 74 Fed. Reg. 6080 (Feb. 4, 2009).

For representation during court proceedings, § 406(b) provides that an attorney who succeeds in obtaining remand may petition for fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–76 (11th Cir. 2006). The fees are from—not in addition to—the past-due benefits. 42 U.S.C. § 406(b)(1)(A). The combined fees under §§ 406(a) and 406(b) may not exceed 25 percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Under the EAJA, a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security case, unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour (unless a special circumstance justifies more). 28 U.S.C. § 2412(d)(2)(A). An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant, and may do so by deducting the EAJA

fees from his § 406(b) petition. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

A court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), when evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement. In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," thereby creating a windfall to the attorney. *Id.*

The Court in *Gisbrecht* held that the claimant's attorney has the burden of showing that the requested fee "is reasonable for the services rendered." *Id.* at 807. And in assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

4

After *Gisbrecht*, to assess the reasonableness of requested fees, courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits that the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010). As to *Gisbrecht*'s windfall prohibition, the Fifth Circuit has explained: "[I]f a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time. In this way, *Gisbrecht*'s 'windfall' does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of his own making." *Id.* at 381.

## Analysis

Culberston arrives at his request for authorization to charge **$8587.53** in § 406(b) fees as follows: **$17,434.73** (25 percent of Martinez's past-due benefits of **$69,738.90**), minus **$2847.20** (the previously awarded EAJA fees), minus **$6000** (the amount of § 406(a) fees to Martinez's counsel during administrative proceedings). Doc. 22 at 1–2.

To satisfy his burden of establishing that the requested fees are reasonable, Culberston points to the following facts: there is no allegation that he provided substandard representation or unduly delayed the case, he limits his practice almost exclusively to representing disabled people, the results obtained were the product of his work and expertise, and Martinez received ongoing disability benefits, Medicare, and a substantial amount of past-due benefits. Doc. 22 at 4.

I find that Culbertson's requested fees are reasonable. Although this case was not more difficult or riskier than most (and Culbertson does not claim otherwise), several factors combine to favor a reasonableness finding: the § 406(a) and (b) and EAJA fees together do not consume more than 25 percent of Martinez's past-due benefits, and Culbertson is an expert in social-security law, accepted the case despite the general risks of filing social-security cases after initial agency setbacks, exhibited diligence, and ultimately succeeded in convincing the Commissioner to reconsider her position.

In recommending that finding, I am mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the case, *see Gisbrecht*, 535 U.S. at 808, and further mindful that Martinez's past-due benefits were substantial ($69,738.90), Doc. 22-2 at 3, while his lawyers' hours on the case were not (5.6 hours between two lawyers and 24 hours by a paralegal, Doc. 19 at 2, making his effective hourly rate—over $1000—presumably much higher than his ordinary hourly rate).[1] But based on all of the above facts, the Court attributes Martinez's success to Culbertson's efficient endeavors in this case, making it appropriate for him to "reap the benefit of his work." *See Jeter*, 622 F.3d at 380–81 (quoted).[2]

---

[1]Culbertson has not disclosed his hourly rate in non-contingent fee cases, and it is unclear whether he reduced the hourly rates that he claimed in his EAJA motion ($187), Doc. 19 at 2, solely to comply with the $125 (plus cost-of-living adjustment) limit under 28 U.S.C. § 2412(d)(2)(A).

[2]I am unpersuaded by Culbertson's apparent argument that because other courts have found reasonable an effective hourly rate of more than $1000, so too should this Court here. Doc. 22 at 4–5. As an initial matter, there are cases on both sides of the fence. *Compare White v. Comm'r of Soc. Sec.*, No. 6:09-cv-1208-Orl-

## Conclusion

I recommend that the Court:

1.     **grant** Culbertson's motion, Doc. 22;

2.     authorize Culbertson to charge Martinez $8587.53 out of his past-due benefits award for Culbertson's successful representation of him in this case; and

3.     direct the clerk to enter judgment accordingly and close the file.[3]

**Entered** in Jacksonville, Florida, on June 26, 2015.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:     Counsel of Record

---

28GJK, 2012 WL 1890558, *1 (M.D. Fla. May 24, 2012) (unpublished) (awarding high effective hourly rate); *Foster v. Astrue*, No. 3:08-cv-960-J-12JRK, 2012 WL 32419, *1 (M.D. Fla. Jan. 5, 2012) (same); *Watterson v. Astrue*, No. 3:06-cv-369-J-HTS, 2008 WL 783634, *2 (M.D. Fla. Mar. 21, 2008) (unpublished) (same), *with Jeter*, 622 F.3d at 376 (affirming reduction of high effective hourly rate); *Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (same); *Oerding v. Comm'r of Soc. Sec. Admin.*, 467 F. App'x 643, 643 (9th Cir. 2012) (same); *Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir. 2008) (same). In any event, because *Gisbrecht* calls for an independent reasonableness assessment, the reasonableness (or unreasonableness) of the fees in those cases does not bear on the reasonableness of the fees in this case. Furthermore, because an effective hourly rate depends on the amount of past-due benefits, it does not necessarily relate to the work necessary to obtain that result.

[3]A party must file and serve any written objection to any finding of fact or conclusion of law in this report and recommendation (or a motion for an extension of time to do so) within **14 days** of service of this report and recommendation. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 6.02(a). Failure to do so alters the scope of direct and appellate review, including waiver of the right to challenge on appeal any finding of fact or conclusion of law to which a specific objection was not made. *See* Fed. R. Civ. P. 72(b)(3); 11th Cir. R. 3-1; *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).